**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.: 2:12-cr-** *97 -MEF* |
| | ) | |
| **COREY THOMPSON** | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          MICHAEL WINTER

TRIAL ATTORNEYS:          MICHAEL BOTELER
                          JASON POOLE

## COUNTS AND STATUTES CHARGED:

Count 1          18 U.S.C. § 286
                 Conspiracy to Defraud the Government with Respect to
                 Claims

Count 2          18 U.S.C. § 1028A
                 Aggravated Identity Theft

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1          18 U.S.C. § 286
                 Conspiracy to Defraud the Government with Respect to
                 Claims

Count 2          18 U.S.C. § 1028A
                 Aggravated Identity Theft

## PENALTIES BY COUNTS - MAXIMUM PENALTY:

Count 1          18 U.S.C. § 286
                 Conspiracy to Defraud the Government with Respect to
                 Claims

A term of imprisonment which may not be more than 10 years, a fine not to
exceed either $250,000, or twice the gross gain to the defendant or the gross loss
to any person other than the defendant, or both a fine and imprisonment; a term of

1

8487425.1

supervised release of no more than 3 years; restitution; and an assessment fee of $100.00.

Count 2                    18 U.S.C. § 1028A
                           Aggravated Identity Theft

A mandatory term of imprisonment of two years to run consecutive to any other term of imprisonment, a fine not to exceed either $250,000, or twice the gross gain to the defendant or the gross loss to any person other than the defendant, or both a fine and imprisonment; a term of supervised release of no more than 1 year; restitution; and an assessment fee of $100.00.

## ELEMENTS OF THE OFFENSES:

Count 1                    18 U.S.C. § 286
                           Conspiracy to Defraud the Government with Respect to
                           Claims

   1.   Two or more people in some way agreed to try to accomplish a
        shared and unlawful plan;

   2.   The Defendant knew the unlawful purpose of the plan and willfully
        joined in it; and

   3.   The plan was to defraud the Government by obtaining the payment
        or allowance of a claim based on a false or fraudulent material fact.

Count 2                    18 U.S.C. § 1028A
                           Aggravated Identity Theft

   1.   The Defendant knowingly transferred, possessed, or used another
        person's means of identification;

   2.   Without lawful authority; and

   3.   During and in relation to an eligible felony.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

       Michael Boteler and Jason Poole, Trial Attorneys of the U.S. Department of

Justice, and Michael Winter, attorney for the Defendant, pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(B), as amended, have, with the authorization of the

undersigned Defendant, heretofore entered into discussions with a view towards reaching

2

8487425.1

a pretrial conclusion of the charges pending in the Information and a Plea Agreement has
been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. For the purpose of calculating the Defendant's sentence under the United
States Sentencing Guidelines, pursuant to Federal Rule of Criminal Procedure
11(c)(1)(B), the Government and the Defendant agree that the following Guidelines
calculations apply. The Government and the Defendant reserve the right to argue for or
against the applicability of any other Guidelines calculations or provisions:

a. That on Count 1, the Defendant's criminal liability for sentencing
purposes is a fraud loss of between \$70,000 and \$120,000, resulting in a base offense
level of 14 under U.S.S.G. §§ 2B1.1(a)(2) and 2B1.1(b)(1)(E).

b. That on Count 1, a 2-level enhancement pursuant to
§ 2B1.1(b)(2)(A)(i) is warranted because the Defendant's direct participation in the
offense involved 10 or more victims, but less than 50 victims.

c. That on Count 1, a 2-level enhancement pursuant to § 2B1.1(b)(10)(C)
is warranted because the Defendant used sophisticated means to commit the crime.

d. That on Count 1, the 2-level reduction in the applicable offense level
pursuant to § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate,
and if the Defendant's offense level is sixteen or more and should the Government find
that the Defendant assisted authorities in the investigation or prosecution of his own
misconduct by timely notifying authorities of his intention to enter a plea of guilty,
thereby permitting the Government to avoid preparing for trial and permitting the
Government and this Court to allocate their resources efficiently, the Government agrees

3

to move at sentencing for a further reduction of one level, pursuant to § 3E1.1(b).
Determination of whether the defendant met his obligations to qualify for the reduction
pursuant to § 3E1.1(b) is at the sole discretion of the United States. The Government's
obligation under this sub-paragraph will become null and void if, between the date of this
agreement and the date of sentencing, the Defendant obstructs justice, commits any new
federal or state offenses, or otherwise fails to accept responsibility for the offense.

2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Government
agrees to recommend that the Defendant receive a sentence at the bottom of the
Guidelines Range.

3. The United States reserves the right to inform the Court and the Probation
Office of all facts pertinent to the sentencing process, including all relevant conduct
concerning the charged offenses, as well as all other uncharged related criminal activity.
The United States may include information concerning the background, character, and
conduct of the Defendant, including the entirety of his criminal activities.

4. If the Defendant pleads guilty and is sentenced on Counts 1 and 2, the
Government will not bring any other charges based on the factual basis.

### DEFENDANT'S PROVISIONS

5. The Defendant agrees to plead guilty to Counts 1 and 2 of the Information.
The Defendant, aware that the offenses charged in the Information are punishable by
imprisonment for more than one year, agrees to waive his right to prosecution by
indictment.

6. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant
agrees that the Guidelines calculations set forth in Paragraph 1 are correct and apply. The

4

Defendant reserves the right to contest the applicability of any other Guidelines enhancements or provisions and to request a sentence below the Guidelines Range.

7. The Defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Such criminal activity would include, but is not limited to, witness tampering or facilitation of any other criminal activity. The Defendant agrees to provide truthful information to the Probation Office and/or the Court. Determination of whether the Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

8. The Defendant agrees that this agreement or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

## **DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**

9. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the Defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the

5

8487425.1

Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

## COOPERATION AGREEMENT

10.    The Defendant agrees to cooperate fully[1] and testify truthfully against any and all persons as to whom the Defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The Defendant understands that this agreement requires the Defendant to be truthful and to testify truthfully whenever called upon. The Defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the Defendant by law enforcement officers and attorneys for the Government.

11.    The Defendant agrees to fully and truthfully disclose to the Government everything the Defendant knows about any and all documents and materials in the Defendant's possession that relate to the violations charged in this Information and any other criminal violations in the Middle District of Alabama and elsewhere.

12.    If the Defendant has failed or should fail in any way to fulfill completely the Defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the Defendant, without the Defendant being allowed to withdraw the guilty plea. Thus, if at any time the Defendant

---

[1] The Defendant is to cooperate with both Federal and State authorities, in any matter whether criminal, civil, administrative, or otherwise.

6

should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the Defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the Defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the Defendant for all violations of federal criminal law which the Defendant has committed; (3) to use against the Defendant in all of those prosecutions and sentencing the information and documents that the Defendant has disclosed or furnished to the Government during the course of the Defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The question of whether the Defendant has breached this agreement shall be at the sole discretion of the Government.

13.     The United States agrees to bring to the attention of the Court any cooperation rendered by the Defendant prior to sentencing. The United States may, but shall not be required, except as otherwise provided in this plea agreement, to make a motion or provide a letter to the Court, pursuant to U.S.S.G. § 5K1.1, requesting that the Court impose a sentence below the sentence contemplated by the sentencing guidelines or to request that the Court impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States, except as otherwise provided in this plea agreement, as to whether a motion requesting that the Court impose a sentence below the sentence contemplated by the

7

sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

14.     The United States also agrees that any statements or testimony given by the Defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the Defendant except for the purpose of impeachment.  However, all parties understand that any statements or testimony given by the Defendant can be used as leads or for any other reason against other persons.  Further, the Defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

15.     The Defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party.  It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.   The Defendant understands this information may be provided to a representative of any victim of this offense.

## **FACTUAL BASIS**

16.     The Defendant admits the allegations charged in Counts 1 and 2 and understands that the nature of the charges to which the plea is offered involves proof as follows:

a.     In 2011 and 2012, within the Middle District of Alabama, Defendant did willfully and knowingly conspire with others to defraud the United States

8

by obtaining or aiding to obtain the payment of false, fictitious, and fraudulent claims, in particular the filing of false 2010 and 2011 federal tax returns using stolen identities. In January 2012, at least 27 fraudulent 2011 tax returns were filed electronically from Defendant's house and requested a total of $91,304 in refunds. Defendant knew the 2011 tax returns were filed using the stolen identities of actual persons.

   b.     The Defendant obtained the means of identification for prisoners without their authorization. The Defendant used those mean of identification to file the false 2011 tax returns.

   c.     In 2011 and 2012, the Defendant worked as an independent contractor for Charter Communications, Inc. ("Charter"). As an independent contractor, the Defendant would install cable and internet access for clients of Charter Communications.

   d.     In order to perpetrate the conspiracy, the Defendant hijacked the Internet Protocol address ("IP Address") of Charter customers for whom he had performed work. From his home, Defendant used his laptop and his specialized knowledge and equipment to essentially shut down the customer's internet and then take over that customer's IP Address. The Defendant would then file the false tax returns using the hijacked IP Address. This would make it appear as if the false tax returns were being filed by the customer's IP Address.

   e.     The Defendant directed the tax refunds to be placed on pre-paid debit cards. The Defendant directed most of the cards to be sent to one address. The pre-paid debit cards were intercepted by the United States Postal Service.

   f.     On or about January 15, 2012, the Defendant, for the purpose of executing a scheme and artifice to defraud, transmitted or caused to be transmitted by means of wire

9

communication in interstate commerce an electronic federal tax return in the name of "Je.G." that requested a tax refund in the amount of $3,257. The tax refund was directed to a prepaid debit card. To file the false return, the Defendant hijacked the IP Address of a Charter customer.

g.      On or about January 15, 2012, the Defendant did knowingly use, possess, and transfer a means of identification of an actual person, "Je.G.", without lawful authority during and relation to the crime of wire fraud, in violation of 18 U.S.C. § 1343. The Defendant electronically filed a false tax return in the name of "Je. G." that requested a refund in the amount of $3,257.

h.      The actions of the Defendant recounted above were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident or any other innocent reason.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

17.      The Defendant, before entering a plea of guilty to Counts 1 and 2 as provided for herein by said Plea Agreement, advises the Court that:

a.      The discussions between the attorneys for the government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

b.      The Defendant further understands that, pursuant to Title 18, United States Code, Section 3013, a $200 assessment fee is to be paid by the Defendant on the date of sentencing. The Defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing and submitting to the

10

court or the government any financial statements, the Defendant is representing that the statement is true and accurate to the best of his information, knowledge, and belief.

      c.      The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

      d.      The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

      e.      The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

      f.      The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions

11

between the attorneys for the government, and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

        g.     The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document. The Defendant further understands that the Government can only make a sentencing recommendation, which is not binding upon the Court.

        h.     The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

        i.     The Defendant is satisfied that defense counsel has been competent and effective in representing him.

    18.     The undersigned attorneys for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the plea agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge

8487425.1

to which the foregoing described plea is to be offered, and that the Defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

19.     The Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by the Defendant's counsel or the United States Attorney.

13

20.     This agreement consisting of 20 numbered paragraphs and 15 pages is the

entire agreement and understanding between the Government and the Defendant.  There

are no other agreements, promises, representations, or understandings.

This  6th  day of  June  , 2012.

Respectfully submitted,
GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

Michael Boteler
Jason Poole
Trial Attorneys
U.S. Department of Justice, Tax Division
Southern Criminal Enforcement Section

14

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.


Corey Thompson
Defendant

06-06-2012
Date


Michael Winter, Esq.
Attorney for the Defendant

6-6-2012
Date

15

8487425.1